## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **RICARDO JAIRO JAUREGUI-BALBUENA,** | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00483 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **GLENN YOUNGKIN, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Ricardo Jairo Jauregui-Balbuena, Pro Se Plaintiff.*

Ricardo Jairo Jauregui-Balbuena, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983.  He sues elected state officials for allegedly violating equal protection by enacting a legislative provision that allows inmates convicted of nonviolent crimes to earn more good conduct time than inmates convicted of violent crimes.  Upon review of the Complaint, I conclude that the action must be summarily dismissed for failure to state a claim.

The plaintiff alleges that House Bill 5148, enacted to amend and reenact Va. Code Ann. § 53.1-202.3, "distinguishes between violent and non-violent felons, limiting earned sentence credits for one felon while enhancing credits for the other,

as of July 1, 2022." Compl. 2, ECF No. 1.[1]  The plaintiff appears to argue that two inmates, with similar treatment plan compliance and disciplinary records who have maximized all rehabilitative offerings, cannot earn the same amount of good conduct time, if one has been convicted of a violent felony and the other has not.   The Complaint claims that the challenged statutory provision violates the Fourteenth Amendment because it treats differently these two types of inmates.  The plaintiff asserts that the provision "discriminates against [him] for the nature of his felony" with no rational basis for the different treatment.  *Id.* at 4.  As relief, he seeks injunctive and declaratory relief recognizing and ordering the correction of this discrimination.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915A(b)(1).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend.

---

[1]  The amendment, while adopted in 2020, was not to be effective until July 1, 2022. 2020 Va. Acts Sp. S. 1, c. 50.

XIV, § 1.  It "does not take from the States all power of classification, but keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (internal quotation marks and citations omitted).  To prove an equal protection violation, prisoner litigants must demonstrate that the jail's alleged unequal treatment of similarly situated individuals does not "serve[ ] a legitimate state interest" or is not "rationally related" to any such interest. *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir. 1989).

The plaintiff's equal protection claim fails on the first facet of the constitutional standard.  He complains that he is treated differently than inmates convicted of different types of felonies, thus admitting that he is not similarly situated to the group with which he is comparing himself.  Virginia lawmakers decided to allow nonviolent offenders to earn good conduct time at a higher rate than offenders who had been convicted of certain crimes.  Because these two groups are not similarly situated in all relevant respects, treating the groups differently does not offend equal protection principles.  I am satisfied that the plaintiff has presented no factual basis for an equal protection claim.  For that reason, I will summarily dismiss this action under § 1915A(b)(1) for failure to state a claim.

A separate Order will be entered herewith.

DATED:   December 5, 2022

/s/  James P. Jones
Senior United States District Judge